UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Civil Action No. 20-0985 (UNA) |

**MEMORANDUM OPINION**

In the Superior Court of the District of Columbia, a jury found the petitioner guilty of first degree murder while armed and related offenses. *See* Pet. ¶¶ 1-7.[1] He is serving a lengthy prison sentence, *see id.* ¶ 4, in the custody of the Federal Bureau of Prisons. The petitioner states that he pursued a direct appeal in the District of Columbia Court of Appeals, *see id.* ¶¶ 8-9, and filed motions in the Superior Court under D.C. Code § 23-110 to vacate his convictions, *see id.* ¶ 11. He alleges that the Superior Court's errors, *see generally id.* ¶ 12, warrant an order vacating or setting aside his conviction. This Court has no jurisdiction to grant the relief the petitioner seeks.

D.C. Code § 23-110 in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise

---

[1] The Court construes the petitioner's pleading, submitted on a preprinted form titled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," as a petition for a writ of habeas corpus ("Pet.").

>   subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a).  This petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).  Here, the petitioner availed himself of a § 23-110 remedy, and the remedy is not inadequate or ineffective because the Superior Court ruled against him.  *See Graham v. FCC Coleman USP II Warden*, No. 14-CV-1567, 2016 WL 2962190, at *3 (D.D.C. May 20, 2016) ("The record establishes petitioner's pursuit of that remedy; the mere fact that he was not successful in the D.C. courts does not render it inadequate or ineffective."); *Saunders v. United States*, 72 F. Supp. 3d 105, 108–09 (D.D.C. 2014) ("The petitioner's claims arise from alleged trial errors, and each could have been raised in the Superior Court by motion under § 23–110.").

For these reasons, the Court will deny the petition for a writ of habeas corpus.  *See Johnson v. United States*, No. 14-CV-1227, 2014 WL 3605810, at *1 (D.D.C. July 18, 2014).  An Order is issued separately.

DATE: April 15, 2020                    /s/
                                        AMY BERMAN JACKSON
                                        United States District Judge